RECEIVED
USDC CLERK, CHARLESTON, SC
2006 JUN 15 A 9:34

United States District Court
District of South Carolina

Tyrone Lorenzo Robinson, # 235104;

Plaintiff;

vs.

Beaufort County Sheriff Office; Department of Hilton Head Island; and Beaufort South Carolina; and Chris Jones, in his individual and official capacity;

Defendants.

C/A No. 2:06-1602-SB-RSC

**Report and Recommendation**

The Plaintiff, Tyrone Robinson, (hereafter, the "Plaintiff"), is a state prisoner proceeding *pro se*. He seeks relief pursuant to Title 42 United States Code § 1983. Under the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review all pretrial matters in prisoner cases filed under 42 U.S.C. §1983 and submit findings and recommendations to the District Court.

## BACKGROUND

Plaintiff is incarcerated at the Ridgeland Correctional Institution, serving a cumulative ten year sentence for possession of a stolen vehicle and failing to stop for a blue light. See State v. Robinson, 2003-GS-07-0063 and 2003-GS-07-0079. Plaintiff was convicted in May 2003 by a jury in the Beaufort County Court of General Sessions. The same jury found Plaintiff not guilty on charges of resisting arrest (Indictment 2003-GS-07-0080).

In this action, Plaintiff sues a Beaufort County law enforcement officer, Defendant Jones, alleging that he filed an affidavit which resulted in a false arrest warrant in the criminal proceedings described above. Plaintiff also sues the Beaufort County Sheriff's Office, the

"Department" of Hilton Head Island (presumably the police department) and Beaufort, South Carolina (presumably the county).

The present case is the sixth in a series of actions brought by Plaintiff against persons and organizations involved in his criminal prosecution. See Robinson v. S.C. Department of Public Safety, et al, 2:06-1492-SB-RSC (D.S.C. 2006) (hereafter, ***Robinson Five***); Robinson v. Murdaugh, et al, 2:05-1289-SB-RSC (D.S.C. 2005)(hereafter, ***Robinson Four***); Robinson v. S.C. Department of Public Safety, et al., 2:05-1288-SB-RSC (D.S.C. 2006)(hereafter, ***Robinson Three***); Robinson v. S.C. Department of Public Safety, et al., 2:05-3198-SB-RSC (D.S.C. 2005)(hereafter, ***Robinson Two***); Robinson v. Clispe, 9:03-1366-SB-RSC (D.S.C. 2003)(hereafter, ***Robinson One***).

The Court may take judicial notice of these previous actions. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Shop v. Bell & Howell, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); Days v. Bounds, 509 F. 2d 66 (4th Cir. 1975); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954).

## ***Pro Se* COMPLAINT**

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a

claim currently cognizable in a federal district court. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

In this case, Plaintiff filed a "complaint" modeled upon standard complaint forms used by prisoners seeking relief in this Court under 42 U.S.C. § 1983. Plaintiff's pleading, however, was completely handwritten in a minuscule script, densely filling seven pages from top to bottom and side to side. In all three cases filed this year, Plaintiff has been specifically instructed not to fill pages in this manner. See ***Robinson Three***, ***Robinson Four*** and ***Robinson Five***. The inference arises that Plaintiff is deliberately ignoring – or defying – this Court's explicit instructions. Plaintiff should be aware that Rule 41(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) authorizes dismissal of an action for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989); Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982); Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

Plaintiff's initial pleading suffered not only from defects in its format. To the extent that the "complaint" was legible, it was nevertheless unintelligible. Rule 8(a) Fed. R. Civ. P. provides the following guidance with respect to complaints (and other affirmative claims):

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

In this respect, this initial pleading resembled those filed in Plaintiff's earlier actions. Plaintiff should also be aware that persistent failure to comply with Fed. R. Civ. P. 8(a) can result in dismissal with prejudice, especially when a district court provides the offending party with

warning. See Michaelis v. Nebraska State Bar Association, 717 F. 2d 437 (8th Cir. 1983). In Brown v. Califano, 75 F.R. D. 497 (D.D.C. 1977), the Honorable John Sirica, United States District Judge for the District of Columbia, offered the following assessment of a complaint in dismissing an action with prejudice:

> The pleading filed by the plaintiff in this case is indeed a confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies. The complaint contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments. Nor has the plaintiff alleged with even modest particularity the dates and places of the transactions of which he complains. It belabors the obvious to conclude that the complaint filed in this action falls far short of the admittedly liberal standard set in F.R. Civ. P. 8(a).

Plaintiff's persistent violation of this Court's orders and rules would have justified summary dismissal of this action as soon as it was docketed. On May 31, 2006, the undersigned instead filed an order directing Plaintiff to file his complaint on a standard form and to bring this action into "proper form" pursuant to In re: Procedures in Actions File by Prisoners, 3:05-mc-5010 (D.S.C. November 1, 2005). The order repeated prior instructions and contained the following instruction in capitalized bold font: "**PLAINTIFF SHALL WRITE LEGIBLY AND SHALL NOT FILE A COMPLAINT USING THE SMALL SCRIPT FILED HERETOFORE.**" On June 12, 2006, Plaintiff filed the standard form. On the average, the letters are less than one-sixteenth inch (1/16") high. The conclusion is inescapable that Plaintiff does not intend to comply with this Court's orders.

## DISCUSSION

To the extent that meaningful allegations can be gleaned from the "complaint," they have no merit. Defendant Jones is accused of filing false information in order to obtain a warrant charging Plaintiff with possession of a stolen vehicle valued between One and Five Thousand

Dollars in violation of S.C. Code Annotated § 16-21-80(2). Along with his original complaint, Plaintiff filed one hundred nine (109) pages of documents from his criminal case. Among these documents is a copy of arrest warrant G-592755 containing the affidavit of Defendant Jones and reflecting the charge described above. [Docket Entry # 1-2, p. 2.] Also among these documents is a copy of indictment #2003-GS-07-0063 charging Plaintiff under S.C. Code Annotated § 16-21-80(3) which governs automobiles worth more than Five Thousand Dollars ($5,000.00). The indictment recites that the value of the stolen vehicle was Fourteen Thousand Nine Hundred ($14,900.00). [Docket Entry #1-2, p. 1.]

Plaintiff evidently believes that the difference between the charges on the arrest warrant and the ultimate indictment constitutes a denial of due process entitling him to recover One Hundred Fifty Million dollars ($150,000,000.00) as monetary damages. The claim is utterly without merit. Even if Plaintiff could raise such an issue in an action under 42 U.S.C. § 1983, he has no basis for such a recovery so long as his conviction remains valid. Plaintiff cannot bring an action under 42 U.S.C. §1983 until his conviction has been vacated or expunged. The United States Supreme Court, in Heck v. Humphrey, 512 U.S. 477 (1994), explained the rule that claims of the type here presented must await the vacation or expungement of the underlying conviction:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486-487 (footnotes omitted).

Plaintiff's incarceration at this point in time remains a valid conviction precluding any recovery of monetary damages. Heck compels dismissal of this action, albeit without prejudice. In this Court, such a dismissal has been deemed "frivolous" under provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(I). See Barr v. South Carolina Dep't of Probation Parole, 2002 WL 32332074 (D.S.C. Nov 8, 2002), *aff'd* 60 Fed. Appx 939 (4th Cir. 2003); Douglas v. Scott, 2002 WL 32333163 (D.S.C. Nov 6, 2002), *aff'd* 55 Fed. Appx. 704 (4th Cir. 2003); Dewitt v. Adduci, 2002 WL 32332077 (D.S.C. Aug. 13, 2002), *aff'd* 62 Fed. Appx. 532 (4th Cir. 2003).

Plaintiff makes no specific allegations against the Beaufort County Sheriff's Office. Presumably he blames this Defendant for Defendant Jones' performance of his duties. The United States Court of Appeals for the Fourth Circuit has stated that liability under §1983 cannot be premised on the doctrine of *respondeat superior*. See Ross v. Reed, 719 F.2d 689 (4th Cir. 1983). Supervisory liability "is not premised upon *respondeat superior* but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994)(quoting Slakan v Porter, 737 F.2d 368 (4th Cir. 1984)). The Fourth Circuit Court of Appeals also stated that the plaintiff assumes a heavy burden of proof in order to establish supervisory liability. Slakan v. Porter, supra. In Slakan the Court stated that "[h]e not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive [practices]."

737 F .2d at 373. Plaintiff also fails to make any specific allegations regarding Beaufort (City or County) and the Hilton Head Island "Department." These Defendants should be dismissed as parties.

**CONCLUSION**

The Defendants should not be required to answer this Complaint. It is therefore recommended that the within Complaint be dismissed as "frivolous" under 28 U.S.C. § 1915A, without prejudice and without issuance or service of process. It is also recommended that this dismissal be deemed a "strike" under the "three strikes rule" under 28 U.S.C. § 1915(g). Plaintiff's attention is directed to the Notice on the following page.

Honorable Robert S. Carr
United States Magistrate Judge

Dated: 6/14/06
Charleston, South Carolina

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are not sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded pro se in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a pro se litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger de novo review").

**This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**